UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK MEROLLA,

        Plaintiff,                              Civil Action No. 12-cv-13467

      v.                                 District Judge Stephen J. Murphy, III
                                        Magistrate Judge Laurie J. Michelson

FEDERAL NATIONAL
MORTGAGE ASSOCIATION, AND
GREEN TREE SERVICING, LLC,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANTS' MOTION TO DISMISS [4]

Plaintiff Frank Merolla alleges that he was attempting to modify his mortgage-backed home loan when "Defendant," i.e., either Federal National Mortgage Association ("FNMA") or Green Tree Servicing, LLC ("Green Tree"), sold his home at a sheriff's sale without his knowledge. (*See* Dkt. 1, Compl. ¶¶ 7-10.) Now before the Court for a report and recommendation (Dkt. 5) is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (Dkt. 4). The Court has reviewed the parties' briefs and concludes that oral argument will not significantly aid in resolving Defendants' motion. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

**I. BACKGROUND**

On September 21, 2007, Plaintiff borrowed $392,000.00 from National City Mortgage ("the Loan"). (*See* Defs.' Mot. to Dismiss, Ex. A, Mortgage at 2.)[1]  Plaintiff secured his repayment obligations by executing a "Mortgage," which granted National City "power of sale" of his Grosse Ile, Michigan home. (Mortgage at 3.)

On or around February 18, 2010, National City assigned the Mortgage to Defendant Green Tree. (*See* Defs.' Mot. to Dismiss, Ex. B, Assignment of Mortgage.)

On or around May 17, 2011, Green Tree advised Plaintiff that the Loan was in default because Plaintiff had failed to make an April 2011 loan payment. (Defs.' Mot. to Dismiss, Ex. C.) On August 19, 2011, Plaintiff received a letter regarding "Written Notice Pursuant to MCL § 600.3205a"; it informed Plaintiff that the Loan was in default and that $429,226.38 was due and owing. (Defs.' Mot. to Dismiss, Ex. D (capitalization altered).) On September 26, 2011, a notice of an October 12, 2011 foreclosure sale was posted "in a conspicuous place" on Plaintiff's home. (Defs.' Mot. to Dismiss at ECF Pg ID 80.) Notice of the sale was also published in a local newspaper on September 14, September 21, September 28, and October 5, 2011. (*Id.* at ECF Pg ID 80.) Plaintiff says that while he was "aware" of a "possible" sheriff's sale, he "never received notice of the October 19, 2011" sale. (Compl. ¶ 9.)

The October 19, 2011 sheriff's sale resulted in Green Tree purchasing Plaintiff's home.

---

[1] In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, and (3) public documents. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); *Amini* v. *Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). The court's consideration of these document does not require conversion of the motion to one for summary judgment. *Greenberg* v. *Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 1999).

(Dkt. 1, Compl. ¶ 8; Defs.' Mot. to Dismiss at ECF Pg ID 78, Sheriff's Deed on Mortgage Sale.) Plaintiff says that the sale took place without his knowledge. (Compl. ¶ 8.) Under Michigan law, Plaintiff had six months, i.e., until April 19, 2012, to redeem the property for the purchase price of $437,957.47. (*See* Defs.' Mot. to Dismiss at ECF Pg ID 84, Aff. of Amt. Needed to Redeem.) As this suit makes apparent, Plaintiff did not redeem within the redemption period.

On May 8, 2012, Green Tree quit claimed the Grosse Ile, Michigan property to Defendant FNMA. (Defs.' Mot. to Dismiss at ECF Pg ID 86.)[2]

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but it does

---

[2]Defendants provide the Court with a number of additional allegations, including that Plaintiff has filed for bankruptcy three times in less than a year. (Defs.' Mot. to Dismiss at 6-7.) The Court's analysis does not rest on these assertions, so they are not recounted here.

3

require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. ANALYSIS

Neither Plaintiff's allegations nor his legal theories are novel. At least one court has dismissed a complaint identical to Plaintiff's in every material respect. *Smith v. Fannie Mae*, No. 11-15560, 2012 WL 3758087 (E.D. Mich. Aug. 30, 2012) (Roberts, J.). Others have dismissed complaints that vary slightly from Plaintiff's, but nonetheless assert the same causes of action in the same manner. *Saroki v. Bank of New York Mellon*, No. 12-13961, 2012 WL 5379169 (E.D. Mich. Oct. 31, 2012) (Duggan, J.); *Dilorenzo v. BAC Home Loans Servicing, LP*, No. 12-CV-12116, 2012 WL 5328666 (E.D. Mich. Oct. 26, 2012) (Hood, J.); *Ellison v. JP Morgan Chase, NA*, No. 12-12629, 2012 WL 4513799 (E.D. Mich. Oct. 2, 2012) (Cohn, J.); *Caleb Evans v. LNV Corp.,* No. 12-12287, 2012 WL 4048880 (E.D. Mich. Sept. 13, 2012) (Edmunds, J.); *Koyle v. Fannie Mae*, No. 12-11065, 2012 WL 3151247 (E.D. Mich. Aug. 2, 2012) (Lawson, J.). The Court will therefore be brief.

### A. Plaintiff's Quiet Title Claim Should Be Dismissed

Count I of Plaintiff's Complaint seeks to quiet title. (Compl. ¶¶ 14-17.) But the statutory redemption period has expired. (Compl. ¶ 12; Defs.' Mot. to Dismiss at ECF Pg ID 84, Aff. of Amt. Needed to Redeem.) Arguably then, Plaintiff lacks standing to quiet title. *Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012) ("Upon the expiration of the redemption period, [Plaintiff] lost all right, title, and interest in the property and, therefore, lost her standing to sue."); *see also Evans*, 2012 WL 4048880 at *3-4 (discussing disagreement among courts regarding post-redemption period standing).

But even if Plaintiff has standing to bring a quiet title claim, *see Houston v. U.S. Bank Home*

*Mortg. Wisconsin Servicing*, No. 11-2444, 2012 WL 5869918, at *4 (6th Cir. Nov. 20, 2012), "Michigan's redemption statutes make no exception . . . for late redemption," and so Plaintiff "can undo the divestment of [his] property right only if there was fraud, accident, or mistake," *id.* at *5. In particular, he must make "a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant." *Id.* at *5.

Plaintiff has not adequately pled fraud or irregularity. Plaintiff's conclusory claim that he never "received" notice of the sheriff's sale does not suffice. *Smith*, 2012 WL 3758087 at *4 ("[Plaintiff's] alleged defects in notice are not sufficient to support her claim . . . ."). Nor does Plaintiff's unadorned assertion that Defendants "intentionally designed" to preclude him from entering into a loan modification. *Saroki*, 2012 WL 5379169 at *4; *Dilorenzo*, 2012 WL 5328666, at *2. In his response brief, Plaintiff asserts that the fact that he "hired a company that drafted an inadequate *in pro per* complaint on his behalf" constitutes the requisite fraud or irregularity. (Dkt. 12, Pl.'s Resp. to Defs.' Mot. to Dismiss at 11.) This is meritless: Plaintiff's choice of counsel is not the fault of Defendants; moreover, this asserted "irregularity" does not relate to "the foreclosure proceeding itself," *Houston*, 2012 WL 5869918, at *5.[3]

Count I should be dismissed.

### B. Plaintiff's Unjust Enrichment Claim Should Be Dismissed

Count II of Plaintiff's Complaint asserts that Defendants' "actions" were intentionally designed to preclude him from entering into a loan modification, that Defendants foreclosed without granting a loan modification, and that Defendants would be "unjustly enriched" as a result of

---

[3] The Court also questions why Plaintiff represented his status as "in pro per" (Dkt. 1) if he was receiving legal representation and/or someone drafted the complaint on his behalf.

5

Plaintiff's good-faith attempt to obtain a loan modification. (Compl. ¶¶ 19-21.)

These allegations are too conclusory to state a claim upon which relief may be granted. *Smith*, 2012 WL 3758087 at \*5; *Saroki*, 2012 WL 5379169 at \*5 ("Plaintiff fails to plead that Defendant received a benefit to which it was not entitled"); *Evans*, 2012 WL 4048880, at \*5. Moreover, a claim for unjust enrichment will not lie where the parties' relationship is governed by a written contract, e.g., a mortgage. *Dilorenzo*, 2012 WL 5328666, at \*3; *Ellison*, 2012 WL 4513799, at \*4.

Count II should therefore be dismissed.

### C. Plaintiff's Breach of Implied Agreement Claim Should Be Dismissed

Count III of Plaintiff's Complaint is entitled "Breach of Implied Agreement/Specific Performance." (Compl. at ECF Pg ID 11.) Plaintiff asserts that he did not receive notice of the sheriff's sale, and that he has a "superior claim to the interest in the subject property because of their Fee Simple Absolute and Unjust Enrichment, Breach of Implied Agreement, Misrepresentation, Fraud and Constructive Trust on the part of the Defendants." (Compl. ¶¶ 24-25, 28.)

These allegations also do not state a claim upon which this Court may grant relief. First, they are again too conclusory. *Smith*, 2012 WL 3758087, at \*5 ("To properly state a claim for breach of an implied contract, the plaintiff has to provide specific facts which indicate a mutual agreement. . . . Here, [Plaintiff] only refers to the alleged agreement to modify the loan before conducting the Sheriff's Sale, but she does not provide any details to support her claim that such an agreement existed."); *Ellison*, 2012 WL 4513799, at \*4.

Second, Michigan's statute of frauds, coupled with the absence of any allegation of a writing signed by either Defendant confirming a loan modification, justifies dismissal of Plaintiff's implied

6

agreement claim.  *See Saroki*, 2012 WL 5379169, at *5; *Dilorenzo*, 2012 WL 5328666, at *3; *Ellison*, 2012 WL 4513799, at *4.  In his response brief, Plaintiff argues that there are equitable exceptions to the statute of frauds. (Pl.'s Resp. to Defs.' Mot. to Dismiss at 10-11.)  This may be so, but Plaintiff does not explain why any such exception would apply here.  He instead conclusorily asserts: "There is no question that this application of the statute of frauds would result in an inequitable outcome – therefore, Plaintiff can justifiably rely upon the doctrine of equitable estoppel to prevent Defendant from asserting the defense." (*Id.* at 11.)

Count III should be dismissed.

### D.  Plaintiff's Claim Pursuant to Mich. Comp. Laws § 600.3205c Should Be Dismissed

Count IV of Plaintiff's Complaint (mislabeled "Count VII") appears to quote large portions of Mich. Comp. Laws § 600.3205c and then asserts that "Defendant(s) have failed to follow MCL 3205(c) [*sic*] in that the Defendant(s) have failed to modify Plaintiff['s] mortgage." (Compl. ¶¶ 30-32.)  Given the conclusory nature of Plaintiff's allegations, the following reasoning controls:

> In Count IV of his Complaint, Plaintiff lists the requirements of [Mich. Comp. Laws] § 600.3205c and then merely alleges "[t]hat Defendants [sic] have failed to follow MCL 3205(c) [sic] in that the Defendants [sic] have failed to modify Plaintiff's mortgage." (Compl. ¶ 27.)  Plaintiff therefore has not pled sufficient facts to establish a violation of § 600.3205c.  Notably, Plaintiff has not alleged facts to suggest that he is entitled to whatever relief the statute provides (e.g. that he contacted a housing counselor and was eligible for a modification).  *See* Mich. Comp. Laws §§ 600.3205c(1), (6), and (7).

*Saroki*, 2012 WL 5379169, at *6; *see also Smith*, 2012 WL 3758087, at *6 ("Fannie Mae would only have had to participate in the loan modification process if [Plaintiff] contacted a housing counselor and failed to obtain a loan modification through this meeting. M.C.L. § [600.3205c(1)]. Without providing any other information regarding her attempt to obtain a loan modification and the outcome

7

...
...

of her request, [Plaintiff] failed to show that she is entitled to relief under M.C.L. § [600.3205c].").

Accordingly, Count IV should be dismissed.

### E.  Leave to Amend Should Be Denied

In his response to Defendants' Motion to Dismiss, Plaintiff seeks leave to amend the Complaint:

> Because Plaintiff attempted to assert his meritorious claims *in pro per*, he admittedly made a vital error by failing to include all the proper allegations and by failing to bring the proper claims. However, Plaintiff has now obtained competent counsel, who now respectfully requests that this Honorable Court allow Plaintiff to amend his complaint in order to allow Plaintiff the opportunity to protect his property rights.

(Pl.'s Resp. to Defs.' Mot. to Dismiss at 9.)

Procedure aside, *see Jung v. Certainteed Corp.*, No. 10-2557, 2011 WL 772907, at *1 (D. Kan. Mar. 1, 2011) ("Generally, a plaintiff's bare request in a response to a motion to dismiss is not a proper vehicle for seeking leave to amend." (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999))), Plaintiff has not persuaded the Court that leave would be anything but futile.  Plaintiff says,

> Some of the pertinent facts that [were] omitted from the original complaint include, but are not limited to, the facts that (1) Plaintiff and his wife had previously gone through a messy divorce, which caused the default in the first place and which Defendants knew about; (2) Plaintiff's ex-wife quit claim deeded the property over to Plaintiff; (3) Defendants, after being told about the divorce and the quit claim deed, gave Plaintiff a loan the loan modification – however, Defendants ultimately required Plaintiff to make payments in an amount greater than he was previously making; and (4) the sheriffs deed includes both Plaintiff's name and his ex-wife's name, despite the fact that the property was owned, at that time, solely by Plaintiff.

(Pl.'s Resp. to Defs.' Mot. to Dismiss at 8.)  But Plaintiff ties none of these facts to any cause of

action, and it is not apparent to the Court how these new allegations, even if added to the existing complaint, would alter any of the conclusions reached above. For instance, Plaintiff's ex-wife's name is on the sheriff's deed; but it appears in the following context: "Whereas Frank A. Merolla and Serafina V. Merolla, his wife . . . made a certain mortgage to National City Mortgage . . . ." (Defs.' Mot. to Dismiss at ECF Pg ID 78-79.) This statement is not false and it is not apparent how it otherwise adversely affects the sheriff's sale (even if Plaintiff was the sole owner of the home at the time of the sale).

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. 4) should be GRANTED and Plaintiff's Complaint should be DISMISSED WITH PREJUDICE.

## V. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).


                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES MAGISTRATE JUDGE

Dated: January 2, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 2, 2013.


                                                s/Jane Johnson
                                                Deputy Clerk